Lucile B. HANSCOM et al.

v.

Jeffrey C. GREGORIE et al.

Supreme Judicial Court of Maine.

Argued Jan. 13, 1989.

Decided Aug. 22, 1989.

Wayne R. Crandall (orally) Crandall, Hanscom, Pease & Collins, P.A., Rockland, for plaintiff.

John A. Mitchell (orally), Calais, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and HORNBY, JJ.

GLASSMAN, Justice.

The defendants Jeffrey C. Gregorie and the personal representative of the estate of Lisa L. Burns (buyers) appeal from the judgment of the Superior Court (Knox County, *Silsby, J.*) affirming the decision of the District Court (Rockland, *Pease, J.*) finding them liable to the plaintiffs Lucile and Stephen Hanscom (sellers) for breach-

ing a contract to purchase a house in Rockport. The Hanscoms cross-appeal, alleging that the court erred in not awarding consequential damages. We vacate the judgment and, therefore, need not address the Hanscom's cross-appeal.

On September 12, 1986, Gregorie and Burns entered into a contract to purchase a house in Rockport from the Hanscoms. They deposited earnest money with their attorney and planned a closing on the property not later than October 15, 1986.

The contract contained the following paragraph now in dispute:

3. This contract is contingent upon a building inspection by a professional building inspector as arranged by and paid for by Buyers. Should the inspection discover major structural problems or defects of a substantial nature then this contract can be terminated by the Buyers upon notice to the Sellers of said problems or defects and the Buyers [sic] deposit shall be promptly returned.

The buyer's attorney hired Jeffrey Weymouth, d/b/a the House Doctor, to inspect the house. The evidence demonstrates that after evaluating the house Weymouth listed a number of necessary repairs and opined that the cost of the repairs could be as much as $20,000. The buyers on the basis of the information obtained from Weymouth decided not to buy the house and requested the return of the deposit. The deposit was returned. The sellers filed suit against the buyers seeking damages for the buyers' breach of the contract between the parties.

At trial, Weymouth testified that the defects to the building were of a substantial nature and would require as much as $20,000 for their repair. Over the objection of the buyers, the sellers' witnesses, a carpenter and an electrician, testified that the house was in general good repair. The trial court stated that the recommended repairs presented "certainly no major structural problems" and that although the correction of the defects was "expensive" it was not "substantial" and found that the buyers had breached the contract and

awarded damages to the sellers. The Superior Court affirmed the judgment.

We review the findings of the District court as if on direct appeal. *F.A. Gray, Inc. v. Weiss,* 519 A.2d 716, 717 (Me.1986). Neither side argued that the language was ambiguous and the trial court ruled the language was unambiguous as a matter of law. *See Pelletier v. Jordan Assoc.,* 523 A.2d 1385, 1386 (Me.1987) (interpretation of unambiguous language question of law and determined from the plain meaning of the language used, without resort to extrinsic evidence). The trial court concluded: "This court finds the language of the subject paragraph to be clear and unambiguous. *If the inspector engaged by Jeffrey or Lisa found 'major structural problems' or 'defects of a substantial nature,'* they could elect to terminate the contract." (Emphasis added).

Although the court recognized that the contract left the question of whether the house contained defects of a substantial nature to the inspector, the court rejected the inspector's judgment and applied an objective standard for its determination of the substantiality of the defects. The contract, however, left that judgment to the inspector and not to the buyers themselves, to other experts, or to the trial court. There is nothing in this record to support, nor do the sellers contend, that the inspector did not honestly believe that the defects were of a substantial nature. Because the inspector honestly believed that the building did not meet the condition of being free of defects of a substantial nature, the buyers' decision to terminate the contract and secure their deposit was within the terms provided in the contract. *See Restatement (Second) of Contracts* § 227 comment c & illustration 5, § 228 comment b (1981) (when a contract leaves a determination of the satisfaction of a condition in the hands of an independent third party, there is no breach of the contract as long as the third party is honestly satisfied that the condition has not been met). We therefore vacate the judgment of the Superior Court.

The entry is:

Judgment of the Superior Court vacated. Remanded to the Superior Court with instructions to vacate the judgment of the District Court and remand to the District Court for entry of a judgment in favor of the defendants.

All concurring.