# United States Court of Appeals
## For the First Circuit

No. 08-1989

CARLOS CONCEPCIÓN CHAPARRO; MARITZA ACEVEDO-ORAMA; YARITZA ACEVEDO-ORAMA; ELIZABETH ACEVEDO-ORAMA; MIGDALIA ACEVEDO-ORAMA; JOSÉ A. MÉNDEZ-VALLE; ANGEL CASTRO-GONZÁLEZ; MIGUEL A. CORTÉS-ROMÁN; WILLIAM ROSA-FIGUEROA; MIGUEL TORRES-PÉREZ; EDWIN ACEVEDO-ACEVEDO; RAÚL PANETO-COLÓN; MARIA PANETO-COLÓN; GILBERTO VARGAS-RÍOS; AMILCAR MUÑIZ-ROSADO; ADELAIDA ROSARIO-GALLOZA; ÁNGEL L. JIMÉNEZ-ACEVEDO; EDWIN VILLARRUBIA-SOTO; JOSÉ VILLANUEVA-RODRÍGUEZ; JOSÉ A. CUEVAS-HERNÁNDEZ; ELBA I. QUINTANA-ROMÁN; RAMONITA ACEVEDO-MUÑOZ; PABLO VILLANUEVA-RUIZ; THUALIA MUÑIZ-SANTONI; GLORIVEE SUÁREZ; RAMONITA RODRÍGUEZ-VARELA; ANÍBAL MÉNDEZ-ACEVEDO,

Plaintiffs, Appellees,

EILEEN S. SÁNCHEZ-FELICIANO; SANTIAGO HERNÁNDEZ-RUIZ,

Plaintiffs,

v.

MIGUEL A. RUIZ-HERNÁNDEZ, in his official capacity as mayor of the Municipality of Aguada and in his personal capacity; GLENDA L. PEÑA-MUÑOZ, in her official capacity as the Municipality of Aguada's human resources director and in her personal capacity; ANÍBAL MENDOZA, in his official capacity as the Municipality of Aguada's public works director and in his personal capacity,

Defendants/Third-Party Plaintiffs, Appellants,

MUNICIPALITY OF AGUADA, PUERTO RICO,

Defendant, Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Lynch, <u>Chief Judge</u>,
Torruella and Howard, <u>Circuit Judges</u>.

_____

<u>Susana I. Peñagarícano-Brown</u>, Assistant Solicitor General, with whom <u>Irene S. Soroeta-Kodesh</u>, Solicitor General, <u>Leticia Casalduc-Rabell</u>, Deputy Solicitor General, and <u>Zaira Z. Girón-Anadón</u>, Deputy Solicitor General, were on brief for appellants Miguel A. Ruiz-Hernández and Glenda L. Peña-Muñoz, in their personal capacities.

<u>Lizabel M. Negrón</u> for appellant Municipality of Aguada.

<u>Claudio Aliff-Ortiz</u>, with whom <u>Eliezer Aldarondo-Ortiz</u>, <u>Eliezer A. Aldarondo-Lopez</u> and <u>Aldarondo & López Bras</u> were on brief for appellees.

_____

June 3, 2010

_____

**LYNCH**, **Chief Judge**. This is the second appearance here of a civil rights suit under 42 U.S.C. § 1983 brought by a group of twenty-two contract employees against the Municipality of Aguada in Puerto Rico and two municipal officers. See Acevedo-Feliciano v. Ruiz-Hernández (Acevedo-Feliciano IV), 447 F.3d 115 (1st Cir. 2006). That opinion, with which we assume familiarity, states the underlying facts.

In the earlier phases of this case, before the appeal and remand, a jury rejected plaintiffs' claim that they suffered political party affiliation discrimination in violation of their First Amendment rights. This left only one federal claim in the case: whether plaintiffs had, on the facts of this case, a sufficient property interest in their employment by the Municipality to invoke federal constitutional procedural due process rights and whether those rights were violated.

Between June and September 2000, the (now-former) mayor of Aguada gave plaintiffs approximately one-year contracts of employment with the Municipality, through June 30, 2001. These contracts stated that plaintiffs' employment was "by way" of a grant from the Commonwealth to the Municipality under Law 52. That law authorizes the Commonwealth to grant municipalities certain funds to promote local employment. See P.R. Laws. Ann. tit. 29, § 711c. Law 52 funds initially paid for plaintiffs' salaries. After six months of funding under Law 52 ended on December 31,

-2-

2000, plaintiffs were paid for another month with municipal funds. The Municipality terminated their employment on January 31, 2001, without notice or hearing, some five months shy of the expiration of their contracts.

In order for plaintiffs to have procedural due process rights in their employment, each plaintiff must have had a reasonable expectation, based on a statute, policy, rule, or contract, that he or she would continue to be employed. See Wojcik v. Mass. State Lottery Comm'n, 300 F.3d 92, 101 (1st Cir. 2002). These interests are commonly called "property interests," and we look to state law to see if such property interests exist. Acevedo-Feliciano IV, 447 F.3d at 121 (citing Bishop v. Wood, 426 U.S. 341, 344 (1976)). Whether these property interests rise to a level sufficient to trigger procedural due process protections remains a federal question. Id.

In our prior decision, we vacated the district court's entry of judgment in favor of defendants, which was based on its determination that "either the Law 52 contract or municipal law required that each plaintiff's hiring contract be read to include the implicit condition that the term of employment was conditioned on the Municipality's receipt of Law 52 funding." Id. at 122.

After a discussion of Law 52 and pertinent municipal law, we held that this rationale was not dispositive or supported, that more analysis was needed, and that Puerto Rican law on the subject

was unclear.  Id. at 122-24.  We vacated and remanded so the court could address "whether Puerto Rican law supplies any sort of property interest once the Law 52 funding ceased."  Id. at 124.

On remand, the district court directed both parties to file cross-motions for summary judgment, granted summary judgment for plaintiffs, and held an evidentiary hearing on related facts. The district court held that on the undisputed facts, plaintiffs had a continued expectation of employment even though the Law 52 funding had expired.  See Acevedo-Feliciano v. Ruiz-Hernández, 524 F. Supp. 2d 150, 154 (D.P.R. 2007) (Acevedo-Feliciano V).  It so held because municipal law did not prohibit the Municipality from using general funds to continue paying plaintiffs' salaries, and the Municipality knew it had substantial uncommitted funds when it terminated plaintiffs' contracts.  Id. at 153-54.

The court further found that plaintiffs' expectation constituted a property interest in continued employment cognizable under the due process clause.  Id. at 154.  It also held that there was no indication from defendants that there were any adequate state remedies.  Id. at 154-55.  After a trial on damages, a jury granted compensatory damages, punitive damages, and back pay to plaintiffs.

The Municipality and the individual defendants have appealed.  We address their contentions in turn.

-4-

I.  Denial of Certification to Puerto Rico Supreme Court

After more than nine years of litigation, a prior appeal, and having lost at trial, defendants ask that questions be certified to the Supreme Court of Puerto Rico.  The request is more than a little late--it was not raised until after remand--and the district court did not abuse its discretion in denying certification.  See U.S. Steel v. M. DeMatteo Constr. Co., 315 F.3d 43, 53-54 (1st Cir. 2002).

In addition to being untimely, the two questions defendants ask to be certified are the wrong questions.  Defendants say the dispositive, unsettled questions of Puerto Rican law on the procedural due process claim are (1) whether a one-year appointment made under Law 52 creates a legitimate expectation of continued employment for the entire year if, at the time of appointment, the Law 52 allotment was only for six months; and (2) whether the Municipality must continue funding those appointments from other funds once Law 52 funds expire.

The more significant question of Puerto Rican law necessary to resolve plaintiffs' claim, however, is whether, under municipal law, the Municipality could choose to use general municipal funds to pay for Law 52 positions beyond the funding from the Law 52 grant, so as to create a legitimate expectation of an approximately one-year appointment.  The district court held that the Municipality was allowed, but not required, to do so under

-5-

municipal law.  See Acevedo-Feliciano V, 542 F. Supp. 2d at 153-54.
The remaining questions concerning the application of that
principle to the facts of this case were for the federal court to
resolve.  We decline to certify, and the district court did not
abuse its discretion in declining to do so.

## II. Existence of Procedural Due Process Rights

The district court granted summary judgment for
plaintiffs because it found as a matter of law that plaintiffs had
a property interest under state law, which was cognizable under the
due process clause, and that defendants deprived plaintiffs of that
right without due process of law.  Id. at 155.  We review the
district court's grant of summary judgment de novo and will affirm
if "there is no genuine issue as to any issue of material fact and
. . . the movant is entitled to judgment as a matter of law."
Agusty-Reyes v. Dep't of Educ., 601 F.3d 45, 52 (1st Cir. 2010).

There are no contested material facts.  The only
questions before us are legal ones, specifically (1) whether, based
on contractual, policy, or other sources derived from Puerto Rican
law, plaintiffs had a property interest in continued employment
with the Municipality; (2) whether that interest is a
constitutionally protected right under the due process clause of
the federal Constitution; and (3) whether the Municipality deprived
plaintiffs of that right without providing constitutionally
adequate process.  See Maymi v. P.R. Ports Auth., 515 F.3d 20, 29

(1st Cir. 2008).  Plaintiffs satisfied all these conditions, and we affirm the district court's grant of summary judgment in their favor.

A.        Existence of Property Interests

We first address whether plaintiffs had a reasonable expectation of continued employment, based on their contracts, surrounding Puerto Rican law, and the facts of the case.  We hold that they did.

The undisputed facts[1] established that when the Municipality hired plaintiffs, the contracts committed the Municipality to employing plaintiffs for almost a year, through June 30, 2001, though the Municipality knew that the Law 52 grant expired on December 31, 2000, approximately six months into that period.

The Municipality also had the power to commit to employing plaintiffs for their full contractual terms, despite the limited duration of the Law 52 funds.  Law 52 does not, by its terms, prohibit municipalities from supplementing Law 52 monies with municipal funds, see P.R. Laws. Ann. tit. 29, § 711c, and the Commonwealth's Law 52 agreement with the Municipality here specifically provided that "[i]f the Municipality offers to the

---

[1]     Contrary to defendants' assertions, because the procedural due process question was appropriately resolved on undisputed facts on summary judgment, there is no Seventh Amendment issue.  See, e.g., Darr v. Town of Telluride, 495 F.3d 1243, 1252 (10th Cir. 2007).

-7-

employees other benefits which are not part of this agreement, the Municipality assumes responsibility therefore and pays them with its funds." Acevedo-Feliciano IV, 447 F.3d at 123.

Nor was the Municipality prohibited by law from making this commitment. Indeed, the Autonomous Municipalities Act authorizes the mayor to propose readjustments to the Municipality's general expenses budget when there are anticipated surpluses. See P.R. Laws. Ann. tit. 21, § 4309.

Further, it is undisputed that the Municipality acted in ways to confirm plaintiffs' contractual expectations. After the Law 52 funds expired, the Municipality paid plaintiffs for some weeks out of municipal funds, confirming plaintiffs' expectation that their employment would continue under their contracts even after the Law 52 funds expired. This is sufficient to show that plaintiffs had a property interest in continued employment under state law.

B. Interests Cognizable as Procedural Due Process Rights

Plaintiffs' property interest in continued employment under their approximately one-year contracts is a recognized procedural due process right. This circuit's law holds that a one-year term of employment with Puerto Rican government bodies is generally considered a protected property interest for procedural due process purposes. See Acevedo-Feliciano IV, 447 F.3d at 121; Caro v. Aponte-Roque, 878 F.2d 1, 4 (1st Cir. 1989).

C.       Deprivation of Plaintiffs' Due Process Rights

Finally, we consider, and reject, defendants' argument that plaintiffs were not deprived of protected property interests without due process of law because the process Puerto Rico provided was adequate.

The plaintiffs' basic claim is that the Municipality deprived them of their property interest in continued employment pursuant to an official policy: the mayor, the Municipality's official policymaker, made the final decision to terminate plaintiffs, and the parties stipulated before the district court that no pre-termination hearing was provided.

Defendants advance two arguments as to why state processes provided plaintiffs with all the process they were due. First, defendants say that, in practice, the Municipality provided plaintiffs with all the process they were due because plaintiffs were given notice and a collective opportunity to comment on their termination in the meeting where they were handed their termination notices. That argument is foreclosed by our earlier conclusion, based on the parties' previous submissions before this court, that "none of the plaintiffs were granted a pre-termination hearing." Acevedo-Feliciano IV, 447 F.3d at 118-19.

Second, defendants say that under Parratt v. Taylor, 451 U.S. 527 (1981), and its progeny, plaintiffs cannot make out a § 1983 claim without showing the inadequacy of existing state

-9-

remedies, and that plaintiffs have failed to carry that burden. Defendants rely on cases involving random and unauthorized state deprivations of property interests, in which a pre-termination hearing is, by definition, infeasible and the question becomes whether the state's post-deprivation processes are enough to protect plaintiffs' rights. See, e.g., Chmielinski v. Massachusetts, 513 F.3d 309, 315 (1st Cir. 2008). That is plainly not the kind of violation alleged here.[2]

### III. Claims against Individual Defendants

#### A. Qualified Immunity

Though the individual defendants repeatedly asserted that they were entitled to qualified immunity both before and after the remand, the district court did not address this question on remand.[3] Instead, having granted plaintiffs summary judgment on

---

[2] Nor is this a case in which plaintiffs sought to vindicate a right that had elapsed before suit was filed. Rather, plaintiffs were "denied a right by virtue of which [they were] presently entitled . . . to pursue a gainful occupation," and that right cannot "be fully protected by an ordinary breach-of-contract suit." Lujan v. G&G Fire Sprinklers, Inc., 532 U.S. 189, 196 (2001).

[3] In August 2002, during the initial stages of this case, the district court deemed one effort by the individual defendants to present the qualified immunity question at summary judgment to be untimely due to failure to comply with the court's deadlines. See Acevedo-Feliciano v. Ruiz-Hernández (Acevedo-Feliciano I), No. 01-1445 (D.P.R. Aug. 16, 2002) (order denying defendants' motion for summary judgment). On an interlocutory appeal, we affirmed the untimeliness ruling on February 3, 2003. We added that "the qualified immunity defense, if properly asserted in the defendants' pleadings and otherwise properly maintained and presented, will still be available at trial; the only consequence of the district court's refusal to entertain the summary judgment motion on the

-10-

their procedural due process claim, the district court held that the only remaining issue was to determine how much the Municipality and the individual defendants owed plaintiffs in damages.[4] See Acevedo-Feliciano V, 542 F. Supp. 2d at 155.

We hold that the individual defendants are entitled to qualified immunity. Even when plaintiffs make out a violation of a constitutional right, officials are entitled to qualified immunity unless that right was also "clearly established at the time of [their] alleged misconduct." Pearson v. Callahan, 129 S. Ct. 808, 816 (2009) (internal quotation marks omitted). Whether a right is clearly established in turn depends on the clarity of the law at the time of the violation and whether, on the facts of the case, a reasonable official would know that his actions violated plaintiffs' constitutional rights. See Walden v. City of

qualified immunity question has been to preclude a pretrial resolution of the issue." See Acevedo-Feliciano v. Ruiz-Hernández (Acevedo-Feliciano II), No. 02-2287 (1st Cir. Feb. 3, 2003) (unpublished judgment).

Defendants took all steps necessary to preserve this claim. They again raised it in their April 4, 2003, motion for judgment as a matter of law before the first jury trial, see Acevedo-Feliciano v. Ruiz-Hernández (Acevedo-Feliciano III), 275 F. Supp. 2d 162, 164, 167-68 (D.P.R. 2003) (denying defendants qualified immunity on the First Amendment claim but avoiding the question on the due process claim by holding that plaintiffs had no procedural due process right in continued employment). They also raised it after remand in their motion for summary judgment on the procedural due process claim, in their motion for judgment as a matter of law, and in their motion for judgment notwithstanding the verdict.

[4] To the extent that plaintiffs claim otherwise, nothing in our prior decision precluded the individual defendants from continuing to assert, on remand, that they were entitled to qualified immunity.

-11-

Providence, 596 F.3d 38, 53 (1st Cir. 2010). We hold that the individual defendants are entitled to qualified immunity because the defendants could not have reasonably known in 2001 that plaintiffs had a constitutionally protected right under the due process clause.

Our previous decision established that Puerto Rico law was unclear as to whether plaintiffs had any rights to continued employment once the Law 52 funding ended. See Acevedo-Feliciano IV, 447 F.3d at 124. The various pleadings submitted on municipal law at summary judgment amply demonstrate the lack of clarity. Indeed, the district court had originally concluded that Puerto Rican law established that plaintiffs had no such rights, see Acevedo-Feliciano III, 275 F. Supp. 2d. at 166-67, and then reversed that determination on remand, see Acevedo-Feliciano V, 524 F. Supp. 2d at 152-54, relying in both instances on roughly the same provisions of Commonwealth and municipal law. Given the intricate maze of Commonwealth and municipal law regarding employment under Law 52, no reasonable official would have known, in 2001, that terminating plaintiffs' approximately one-year contracts because Law 52 funds had expired would violate plaintiffs' procedural due process rights.

Because the individual defendants are entitled to immunity, we vacate the judgment against them and remand with instructions to dismiss all claims against the individual

-12-

defendants with prejudice.  This ruling does not, however, affect the Municipality's liability.  See Walden, 596 F.3d at 55 n.23.

B.          Award of Punitive Damages

The jury awarded punitive damages to each of the twenty-two plaintiffs in the sum of $15,000 each, which was allotted as $7,500 against each of the two individual defendants.  It was error, indeed plain error, to submit this issue to the jury.

Punitive damages in a § 1983 civil rights action can be granted at the jury's discretion only if "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  Smith v. Wade, 461 U.S. 30, 56 (1983).  This court has "emphasized that the 'evil motive,' 'intent,' or 'reckless or callous indifference' pertains to the 'defendant's knowledge that [he] may be acting in violation of federal law.'"  Davignon v. Hodgson, 524 F.3d 91, 110 (1st Cir. 2008) (alteration in original) (quoting Iacobucci v. Boulter, 193 F.3d 14, 25-26 (1st Cir. 1999)).

Puerto Rican law was unclear as to whether plaintiffs had a right to continued employment and so whether any constitutionally protected interest was involved at all.  Given the complexity of the Commonwealth and municipal law at issue, it cannot logically be true that the individual defendants knew they may have been acting in violation of federal law.  We vacate the punitive damages award

and order dismissal of the punitive damages claim with prejudice on remand.

## IV.  Award of Damages against the Municipality

As to each of the twenty-two plaintiffs, the jury awarded $15,000 in compensatory ("suffering and anguish") damages and $4,960 for back pay jointly and severally against defendants.  We need not determine whether this is the appropriate measure of damages for a procedural due process violation; it is enough that the Municipality has never challenged it.

Indeed, the Municipality's only challenge to the back pay award is a specific argument that the award improperly included for each plaintiff a $500 Christmas bonus for 2001.  There was no error in the district court's denial of remittitur on these grounds. Plaintiffs had a property interest in their employment through June 30, 2001, and under Puerto Rican law, any employee who works for the government for at least six months of a calendar year is entitled to an annual Christmas bonus.  See P.R. Laws Ann. tit. 3, § 757.  There was sufficient evidence to support the award of the bonus.

We have considered the rest of the arguments made by each side and either have no need to reach them or have concluded they are without merit.

## V. Conclusion

We <u>vacate</u> the judgments against the individual defendants including the punitive damages award against them.  We <u>remand</u> with instructions to dismiss all claims against the individual defendants with prejudice.  Otherwise, the judgment against the Municipality is <u>affirmed</u>.  No costs are awarded.

<u>So ordered.</u>