# United States Court of Appeals
## For the First Circuit

No. 12-1555

ALAN CLUKEY and DERA CLUKEY,

Plaintiffs, Appellants,

v.

TOWN OF CAMDEN,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Howard, Stahl, and Lipez,
Circuit Judges.

David M. Glasser for appellants.
Frederick F. Costlow, with whom Heidi J. Hart and Richardson, Whitman Large & Badger were on brief, for appellees.

May 21, 2013

**LIPEZ,** Circuit Judge. Plaintiff-appellant Alan Clukey brought this procedural due process claim against his former employer, the Town of Camden ("the Town"), pursuant to 42 U.S.C. § 1983 alleging that the Town deprived him of a constitutionally protected property interest in his right to be recalled to employment without due process of law. The district court dismissed Clukey's complaint, adopting the magistrate judge's conclusion that while Clukey did have a protected property interest in his recall right, his § 1983 claim was foreclosed by the availability of a state law breach-of-contract claim.

Although the court was correct that Clukey's complaint alleged a protected property interest in his recall right, we cannot accept its conclusion that Clukey's potential recourse to state law foreclosed his § 1983 claim. Hence, we vacate the district court's order and remand for further proceedings.

**I.**

We draw the following facts, which we take as true, from the complaint and documents incorporated by reference into the complaint. See Lass v. Bank of America, N.A., 695 F.3d 129, 133-34 (1st Cir. 2012).

Plaintiff Alan Clukey was a police dispatcher with the Camden Police Department for 31 years until his department was eliminated in 2007 and he was laid off. At the time of his lay-off, Clukey was the most senior employee in his department.

-2-

The terms of Clukey's employment with the Town were governed by a Collective Bargaining Agreement ("CBA") between the Town and the Fraternal Order of Police. In critical part, Article 19, Section 3 of the Collective Bargaining agreement provides that:

> In the event it becomes necessary for the Employer to layoff employees for any reason, employees shall be laid off in the inverse order of their seniority, by classification, with bumping rights. Bumping shall not be allowed between the police function and the dispatcher function. Employees shall be recalled from lay-off according to their seniority provided they are qualified to fill the position. Police function and dispatcher function shall be treated separately. . . .
>
> The affected employee has recall rights for twelve (12) months from the date of such lay off.

Article 7 of the CBA provides a formal grievance procedure for dealing with "any dispute between the parties as to the meaning, or application, of the specific terms of the Agreement." The grievance procedure provides for an escalating interactive process and an informal hearing. If the employee remains dissatisfied at the conclusion of the informal process, she can request arbitration. The decisions of the arbitrator "shall be final and binding on the parties for the duration of the Agreement."

In the twelve months following Clukey's termination, at least two positions opened with the police department for which Clukey was qualified –- one position as an Administrative Assistant and one as a Parking Enforcement Officer. The Town did not recall him to either position. Indeed, the Town filled these positions with new hires without providing Clukey any notice that he was not being

-3-

recalled, or explaining how he could appeal this determination.

Clukey and his wife Dera Clukey brought suit in federal court against the Town of Camden under 42 U.S.C. § 1983, alleging that the Town had deprived him of his property interest in his right to be recalled without providing him due process of law in violation of the Constitution's procedural due process guarantees.[1]  The Town filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Clukey's claims, arguing that Clukey did not have a constitutionally protected property interest in his right to be recalled.

In reviewing the defendant's motion, the magistrate judge determined that Clukey <u>did</u> have a property interest in his right to be recalled, but ultimately concluded that our decision in <u>Ramírez</u> v. <u>Arlequín</u>, 447 F.3d 19 (1st Cir. 2006), compelled the conclusion that Clukey's claim was not cognizable under § 1983.  In particular, the magistrate judge's recommendation relied heavily on our conclusion that:

> [a] claim of breach of contract by a state actor without any indication or allegation that the state would refuse to remedy the plaintiffs' grievance should they demonstrate a breach of contract under state law, does not state a claim for violation of the plaintiffs' right of procedural due process.

<u>Id.</u> at 25 (citation omitted) (internal quotation marks omitted). Concluding that, like the plaintiff's claim in <u>Ramírez</u>, Clukey's

---

[1] Clukey also pressed a substantive due process claim against the Town, but he has abandoned that claim on appeal.

claim was one for breach of contract, the magistrate judge recommended dismissal. The district court adopted the recommendation, dismissing Clukey's complaint for failure to state a claim.[2] Clukey appeals.

## II.

To state a procedural due process claim under § 1983, the plaintiff must allege facts which, if true, establish that the plaintiff (1) had a property interest of constitutional magnitude and (2) was deprived of that property interest without due process of law. See García-Rubiera v. Fortuño, 665 F.3d 261, 270 (1st Cir. 2011). Our review of the trial court's dismissal of Clukey's complaint is de novo. See Ramírez, 447 F.3d at 20.

### A. Clukey's Property Interest In His Right to Be Recalled

#### 1. Property Interests In Public Employment

"The threshold issue in a procedural due process action is whether the plaintiff had a constitutionally protected property interest at stake." Mard v. Town of Amherst, 350 F.3d 184, 188 (1st Cir. 2003) (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538-41 (1985)). The Due Process Clause guarantees individuals procedural protections from state actions that deprive those individuals of their property interests in certain entitlements and benefits. See, e.g., Goldberg v. Kelly, 397 U.S.

---

[2] Having dismissed both of Clukey's federal claims, the court also dismissed without prejudice Clukey's pendent state law claims for misrepresentation and loss of consortium.

254, 255 (1970) (property interest in welfare benefits); Perry v. Sindermann, 408 U.S. 593, 599 (1972) (public employment); Goss v. Lopez, 419 U.S. 565, 573 (1975) (attendance at public schools); Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 3 (1978) (utility services); Barry v. Barchi, 443 U.S. 55, 64 (1979) (professional licenses).

The Town asserts, without citing any precedent, that it is impossible for Clukey to have a property interest in his right to recall because "no property interest in continued employment can exist if one is not already employed." This argument ignores the centrality of state law to the property interest inquiry. The critical inquiry in a procedural due process case involving a right of employment is whether the plaintiff has a legitimate claim of entitlement grounded in state law, not whether one is "already employed."[3] See Paul v. Davis, 424 U.S. 693, 710 (1976) (noting that the property interests protected by the Due Process Clause "attain this constitutional status by virtue of the fact that they have been initially recognized by state law"); see also Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 771 (2005) (Souter, J. concurring) ("[T]he federal process protects the property

---

[3] In its brief, the Town makes much of the phrase "continued employment," insisting, in essence, that "continued employment" always means "continuous employment." Though we explain why this reliance is misplaced as a matter of law, we also note that one meaning of "continued" is "going on after an interruption; resuming." Random House Dictionary of the English Language, 440 (2d ed. 1987).

-6-

created by state law."). The Supreme Court has emphasized that it is the prerogative of the states to define property, and "[i]t is not the business of a court adjudicating due process rights to make its own critical evaluation of those choices and protect only the ones that, by its own lights, are 'necessary.'" Fuentes v. Shevin, 407 U.S. 67, 90 (1972). As such, our inquiry must begin by considering whether an entitlement grounded in state law exists, recognizing that "the types of interests protected as 'property' are varied and, as often as not, intangible, relating 'to the whole domain of social and economic fact.'" Logan v. Zimmerman Brush Co., 455 U.S. 422, 430 (1982) (quoting Nat'l Mut. Ins. Co. v. Tidewater Transfer Co., 337 U.S. 582, 646 (1949) (Frankfurter, J., dissenting)); see also Town of Castle Rock, 545 U.S. at 757 ("Resolution of the federal issue begins . . . with a determination of what it is that state law provides.").

In considering whether state law creates an entitlement, we look primarily to the discretion state law accords state actors to withhold the entitlement from individuals. In general, "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." Town of Castle Rock, 545 U.S. at 756. Rather, "the more circumscribed is the government's discretion (under substantive state or federal law) to withhold a benefit, the more likely that benefit constitutes 'property.'" Beitzell v. Jeffrey, 643 F.2d 870, 874 (1st Cir. 1981); see also

Colburn v. Trs of Ind. Univ., 973 F.2d 581, 598 (7th Cir. 1992) ("Property interests exist when an employer's discretion is clearly limited so that the employee cannot be denied employment unless specific conditions are met."); Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972) ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it.").

That a tenured public employee has a protected property interest in continued employment is beyond question.  See Loudermill, 470 U.S. at 538-39.  Tenure is not the only employment benefit, however, that can be protected by the constitutional guarantees of due process.  For example, we have held that where a public employer's collective bargaining agreement uses mandatory language, the public employees covered by that agreement have a constitutionally protected property interest in injury leave benefits.  See Mard, 350 F.3d at 186, 188-89.  Similarly, we have joined a majority of our sister circuits in concluding that public employees may have a protected property interest in their rank such that they may not be demoted without due process.  See Acosta-Orozco v. Rodriguez-de-Rivera, 132 F.3d 97, 98, 104 (1st Cir. 1997); see also Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 318-19 (2d Cir. 2002) (collecting cases).  We have also held that

-8-

physicians can have a property right in privileges at public hospitals. See Lowe v. Scott, 959 F.2d 323, 336 (1st Cir. 1992). At least one of our fellow circuits has also determined that public employees can have a property interest in a veteran's preference in promotions. See Carter v. City of Phil., 989 F.2d 117, 122 (3d Cir. 1993) (concluding that armed forces veteran had interest "not in the promotion per se, but in being given a preference when his promotion is considered").

Although we have never addressed whether the right to be recalled following a lay-off can be a constitutionally protected property interest, we have addressed closely analogous situations, such as the right to be reinstated following a period of disability leave. In Laborde-Garcia v. Puerto Rico Telephone Co., 993 F.2d 265 (1st Cir. 1993), we considered whether a Puerto Rico statute created a property interest in reinstatement for public employees who sought to return to their previous positions following a period of disability. The statute provides that "the employer shall be under the obligation to reserve the job filled by the laborer or employee at the time the accident occurred, and to reinstate him therein," provided certain conditions were met. P.R. Laws Ann. tit. 11, § 7 (1995). The employer argued that the employees could not have a right to reinstatement "because such 'rights' are only expectations of employment, which may or may not be fulfilled." Laborde-Garcia, 933 F.2d at at 267. Rejecting this argument, we

found that the language of the statute so "narrow[ed] . . . the employer's discretion to decide not to reinstate" the employee to her previous employment that it amounted to "a legitimate claim of entitlement to that continued employment." Id. (internal quotation marks omitted); see Rivera-Flores v. P.R. Tel. Co., 64 F.3d 742, 750-51 (1st Cir. 1995) (addressing the same statute and describing the process due); see also Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206, 212-13 (2d Cir. 2003) (determining that laid off teacher had protected property interest in her place on a reappointment list); Buttitta v. City of Chi., 9 F.3d 1198, 1204 (7th Cir. 1993) (determining that state law governing compulsory disability leave for police officers "creates in police officers a property interest in being returned to the department for an opportunity to demonstrate their fitness for active duty"); Stana v. Sch. Dist. of Pittsburgh, 775 F.2d 122, 125-26 (3d Cir. 1985) (determining that public school teacher had property interest in her position on list determining eligibility for promotions and transfers).

Directly addressing the question of whether a public employee has a property interest in a recall right, the Seventh Circuit has determined that the existence of the right depended on whether the state law at issue created such a substantive right in the employees. See Chi. Teachers Union v. Bd. of Educ., 662 F.3d 761, 763 (7th Cir. 2011) (per curiam). In that case, the City of

Chicago, facing a budget crisis, laid off 1,300 tenured teachers in the summer of 2010. Id. at 762-63. As the budget situation improved, approximately half of those laid off teachers were recalled to new positions. However, some teacher openings were filled with new hires, rather than the tenured teachers who had been laid off. Id. at 763. The tenured teachers who were not recalled brought suit against the state alleging, inter alia, that the state had deprived them of their property interest in their right to be recalled without due process.

After initially determining that the teachers did have a substantive right to recall, see Chi. Teachers Union v. Bd. of Educ., No. 10-3396 (7th Cir. March 29, 2011), the panel, in response to a petition for rehearing en banc, decided to certify to the Illinois Supreme Court the question of whether Illinois law granted the teachers such a substantive recall right.

Taking on the certified questions, in Chicago Teachers Union v. Board of Education, 963 N.E.2d 918 (Ill. 2012), the Illinois Supreme Court compared two separate Illinois statutes -- one governing teachers in Chicago and one governing Illinois teachers outside of Chicago. The court concluded that the statute governing Chicago teachers did not create a property interest in recall because the statute did not contain any mandatory language and concerned primarily the powers of the Board, not the rights of the individual teachers. See id. at 925-26 (discussing 105 Ill. Comp.

-11-

Stat. Ann. 5/34-18(31)). By contrast, the statute governing teachers outside of Chicago did create a substantive right to recall because the statute contained mandatory language and focused on the rights of the individual teachers themselves. See id. (discussing 105 Ill. Comp. Stat. Ann. 5/24-12).

**2. Clukey's Property Interest**

Under Maine law, a constitutionally protected property interest can be created in a public employment contract. See Krennerich v. Inhabitants of Town of Bristol, 943 F. Supp. 1345, 1352 (D. Me. 1996) ("In Maine a property interest in continued employment may be established by contract, statute, or by proof of an objectively reasonable expectation of continued employment.") (citing Mercier v. Town of Fairfield, 628 A.2d 1053, 1055 (Me. 1993)); see also Rivera-Flores, 64 F.3d at 750 n.7 (recognizing that a collective bargaining agreement can give rise to protected property interests); Ciambriello, 292 F.3d at 314 (same).

Thus, we must examine the language of the CBA itself to see whether it so narrows the Town's discretion to rehire Clukey that Clukey had a legitimate claim of entitlement to be recalled to police department positions for which he was qualified. See Laborde-Garcia, 993 F.2d at 267. The relevant provision of the CBA, Article 19 provides:

> Employees shall be recalled from lay-off according to their seniority provided they are qualified to fill the position. . . . The affected employee has recall rights for twelve (12) months from the date of such lay off.

(Emphasis added.)

We agree with the district court that the plain language of this proviso compels a conclusion that Clukey had a property interest in his right to be recalled. The intent of the bargaining parties to grant laid-off employees an entitlement to recall could not be clearer. By its terms, this proviso vests the "recall rights" in the individual "affected employee" and provides the Town no discretion in re-hiring qualified laid-off employees with requisite seniority -- "employees shall be recalled."

Indeed, the language in Article 19 is so obviously rights-creating that the Town does not seriously contend otherwise, conceding in its briefs that Article 19 creates "conditional recall rights for certain laid off employees." Thus, rather than arguing that the CBA creates no rights at all, the Town argues that the language in the CBA defines the recall right so narrowly that Clukey was only entitled to be recalled to a position as a dispatcher, rather than any position in the police department for which he was qualified and most senior.[4]

The Town rests much of this argument on the sentence in

_____

[4] There is a further dispute between the parties as to the scope of the recall right. Clukey alleges in his complaint that he is entitled to recall for any open position with the police department or with any other Town department. The Town disputes this claim, arguing that any recall right Clukey has is limited to open positions within the police department. Because Clukey has alleged that there were open positions for which he was qualified within the police department, resolving this appeal does not require us to address this dispute.

-13-

Article 19 that reads: "Police function and dispatcher function shall be treated separately." According to the Town, this sentence can only mean that laid-off dispatchers have a right to be recalled only to open positions involving "dispatcher functions." Since Clukey has not specifically plead that he was not recalled to a job involving "dispatcher functions," he has not established the deprivation of a property interest.

Before the district court, the Town itself pressed a different interpretation of this language that it now says on appeal has one meaning. In its motion to dismiss, the Town argued only that the "shall be treated separately" language meant that Clukey's recall right did not extend to the Parking Enforcement Officer position, presumably because this was a position involving "police function." The Town did not argue that this language meant Clukey could not be recalled to the Administrative Assistant position or that he could be recalled only to positions involving "dispatcher function."

Clukey plausibly offers yet another interpretation of the disputed language: that the "treated separately" language is about seniority and not the scope of the recall right itself. In other words, the "treated separately" language parallels the anti-bumping language in the lay-off procedures. When a police position becomes open, if there is a laid-off police officer on the recall list, he is automatically entitled to seniority for that position. If there are no police officers on the recall list, then the position goes

to the most senior dispatcher.

Mindful that this appeal is before us from a dismissal for failure to state a claim, we need not decide the meaning of this sentence. Rather, having found the phrase plausibly susceptible to different interpretations, we resolve the ambiguity in Clukey's favor, and thus reject the Town's argument that the language of Article 19 clearly limits the scope of Clukey's recall right to jobs involving "dispatcher function." See Lass, 695 F.3d at 135-36 (holding that ambiguous contract provisions foreclose dismissal of complaint); see also Subaru Distribs. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005) ("We are not obliged to accept the allegations of the complaint as to how to construe [a contract], but at this procedural stage, we should resolve any contractual ambiguities in favor of the plaintiff.").

For these reasons, we conclude that the district court was correct in its determination that Clukey has stated facts which, if true, establish that he has a constitutionally protected property interest in his right to be recalled to employment with the police department of the Town of Camden. We turn now to the question of whether he has adequately alleged that the Town deprived him of that interest without constitutionally sufficient process.

**B. The Process Due**

It is well established that in every case where a protected property interest is at stake, the Constitution requires, at a

minimum, some kind of notice and some kind of opportunity to be heard.  See Dusenbery v. United States, 534 U.S. 161, 167 (2002); Loudermill, 470 U.S. at 541 ("While the legislature may elect not to confer a property interest in [public] employment, it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards." (alteration in original) (citation and internal quotation marks omitted)).  Exactly what sort of notice and what sort of hearing the Constitution requires, however, vary with the particulars of the case.  See Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("[N]ot all situations calling for procedural safeguards call for the same kind of procedure."); Zinermon v. Burch, 494 U.S. 113, 127 (1990) ("Due Process . . . is a flexible concept that varies with the particular situation.").

To resolve this question, we use the familiar test laid out by the Supreme Court in Mathews v. Eldridge, 424 U.S. 319 (1976).  We determine the private interest that will be affected by the official action; the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.  Id. at 335.

Both parties press us to make a more specific determination

about the process due Clukey pursuant to the Mathews test. In particular, the parties dispute whether Clukey was entitled to any pre-deprivation process.[5] Whether or not an individual is entitled to pre-deprivation notice is often a difficult, fact-intensive question. See Ciambriello, 292 F.3d at 319 ("The determination of whether one is entitled to a pre-deprivation hearing is fact-specific. . . ."). However, as we explain, resolving this appeal does not require us to address this question.

The complaint alleges that the Town failed to provide Clukey with any notice of any kind whatsoever. This allegation is fatal to the Town's argument. See Memphis Light, 436 U.S. at 14-15 (concluding that even where opportunities to be heard existed, due process is not satisfied if affected individuals are given no notice of those opportunities); García-Rubiera, 665 F.3d at 276 (holding that even where affected individuals had or should have had actual knowledge about deprivation, due process still required individualized notice); Collins v. Marina-Martinez, 894 F.2d 474, 481 (1st Cir. 1990) (concluding that without "suitable notice, the 'opportunity' for plaintiff to be heard [is] a charade"). The Mathews test is a balancing test used to determine what sort of

---

[5] We note that in the public employment context, we have generally held that the Mathews test requires some kind of pre-deprivation process. See Rivera-Ruiz v. Gonzalez-Rivera, 983 F.2d 332, 334 (1st Cir. 1993) ("The Due Process Clause of the Fourteenth Amendment guarantees public employees with a property interest in continued employment the right to a pre-termination hearing.").

notice and what sort of hearing is required in a particular case. It excludes the premise that public employees may be deprived of a property interest without any notice at all.

This is not to say, of course, that the Town on remand is foreclosed from offering evidence of the administrative and financial costs it would have to bear in order to provide various procedural protections to its aggrieved employees. We leave it to the district court to engage in a full-scale <u>Mathews</u> analysis on a more developed factual record if doing so becomes necessary to resolve the case. For present purposes, however, Clukey's uncontested allegation that he received no notice either before or after the Town deprived him of a protected property interest in employment is in itself sufficient to state a procedural due process claim under § 1983.

**C. The Availability of Alternative Remedial Schemes**

The district court concluded that Clukey's claim was foreclosed by the availability of state law remedies. Following the district court's lead, the Town also urges us to find that any § 1983 claim Clukey might otherwise have is foreclosed by the availability of either (1) state law contract remedies, or (2) the grievance procedures in the collective bargaining agreement. As we will explain, the existence of these alternative remedies does not foreclose Clukey's § 1983 claim.

**1. State Law Breach of Contract Claims**

The court's conclusion that the availability of a state law breach of contract claim foreclosed any § 1983 claim Clukey might otherwise have rests on a misunderstanding of the application of our opinion in Ramírez v. Arlequín, 447 F.3d 19, 25 (1st Cir. 2006), to this very different case.  Ramírez was a classic breach of contract case concerning a dispute between a municipality and an independent contractor over the municipality's alleged refusal to pay the contractor for work it had performed pursuant to a contractual agreement between the parties.  We held that the availability of a traditional state law breach of contract claim for damages foreclosed any argument from the contractor that the state had deprived it of due process. See id.

Our decision in Ramírez rested heavily on the Supreme Court's opinion in Lujan v. G & G Fire Sprinklers, Inc., 532 U.S. 189 (2001).  In that case, the Court addressed a California statutory scheme that allowed state agencies to withhold payments to public works contractors if that contractor or its subcontractors failed to comply with certain provisions of the California Labor Code. Id. at 191.  Plaintiff subcontractor G & G Sprinklers alleged that the state had deprived it of property without due process when the state withheld payments following a state agency's determination that G & G had engaged in unfair labor practices.  Id. at 193. Assuming without deciding that G & G had a property interest in

-19-

receiving the payments, the Court concluded that where a government contractor's only claim is that "it is entitled to be paid in full," a state law breach of contract claim was all the process due.  Id. at 196.  The Court was careful, however, to distinguish the facts in Lujan from cases where plaintiffs allege that they are "presently entitled either to exercise ownership dominion over real or personal property, or to pursue a gainful occupation." Id.

Here, we are not dealing with a contractual dispute over compensation for past work performed analogous to Ramírez or Lujan. The property right at issue in this case is the right to be employed if certain conditions are met. Lujan made clear that the right "to pursue a gainful occupation . . . cannot be fully protected by an ordinary breach-of-contract suit." Concepción Chaparro v. Ruiz-Hernández, 607 F.3d 261, 267 n.2 (1st Cir. 2010) (quoting Lujan, 532 U.S. at 196) (internal quotation marks omitted); see also Baird v. Bd. of Educ., 389 F.3d 685, 691-93 (7th Cir. 2004) (discussing Lujan and concluding that deprivation of property interest in employment would not be satisfied by breach-of-contract claim).  In fact, there is a long history of case law in this circuit holding that public employees who have been deprived of a property interest in employment without due process may bring a § 1983 claim in federal court regardless of the availability of a state law breach-of-contract claim.  See, e.g., Concepción Chaparro, 607 F.3d at 267; Cotnoir v. Univ. of Me. Sys.,

-20-

35 F.3d 6, (1st Cir. 1994); see also Godin v. Machiasport Sch. Dep't Bd. of Directors, 831 F. Supp. 2d 380, 389 (D. Me. 2011) (holding that public employee's failure to pursue appeal process under Maine Rule of Civil Procedure 80B did not preclude her from bringing procedural due process claim under § 1983).

**2. The Grievance Procedures in the Collective Bargaining Agreement**

The Town also argues that the availability of post-deprivation grievance procedures in the CBA forecloses Clukey's claim. It is true that where the grievance procedures contained in a collective bargaining agreement satisfy constitutional due process minimums, aggrieved employees have little room to claim that they were deprived of a property interest without due process of law. See Chaney v. Suburban Bus Div. of Reg'l Transp. Auth., 52 F.3d 623, 628-30 (7th Cir. 1995) (collecting cases). The mere fact that a collective bargaining agreement contains a hearing procedure, however, does not mean that constitutional due process minimums are satisfied. Rather, grievance procedures extinguish a plaintiff's due process claim only if the procedures meet or exceed constitutional standards. See Cotnoir, 35 F.3d at 12 (holding that failure to provide meaningful notice prior to termination was a violation of public university professor's procedural due process rights, even where CBA provided for post-termination procedures); see also Ciambriello, 292 F.3d at 319 ("The Constitution, not state law sources such as the CBA, determines what process is due.");

<u>Chaney</u>, 52 F.3d at 629-30 (holding that absent explicit waiver of constitutional right to pre-deprivation process, collective bargaining agreement that provided only post-deprivation process did not satisfy due process); <u>Armstrong</u> v. <u>Meyers</u>, 964 F.2d 948, 950 (9th Cir. 1992) ("A public employer may meet its obligation to provide due process through grievance procedures established in a collective bargaining agreement, provided, of course, those procedures satisfy due process."); <u>Schmidt</u> v. <u>Creedon</u>, 639 F.3d 587, 597-99 (3d Cir. 2011) (holding that even where post-deprivation proceedings in collective bargaining agreement are in place, Constitution still requires pre-deprivation process).

Here, we have already determined that the Town's procedures, as described in the complaint, are constitutionally inadequate insofar as they fail to provide any notice whatsoever to Clukey of recall positions. Thus, the Town cannot use the theoretical availability of grievance procedures to shield themselves from Clukey's claims. See <u>Cotnoir</u>, 35 F.3d at 12.

**III.**

In the posture of this case, an appeal from a judgment granting the Town's motion to dismiss, we conclude that Clukey has alleged facts establishing that he had a protected property interest in his right to be recalled to employment with the police department. When a specific position became open within the department, Clukey had a legitimate claim of entitlement to that

position, unless he was found to be unqualified. As such, when the Town decided to fill openings in the department with new hires rather than Clukey, the Town had a constitutional obligation to provide Clukey notice that he had been found unqualified and an opportunity to challenge that determination. The Town's alleged failure to provide Clukey with any notice at all, either before or after filling open positions with new hires, states a claim for a procedural due process violation. That injury cannot be fully redressed by recourse to a state law breach of contract claim or the grievance procedures in the Collective Bargaining Agreement. If the specifics of the process required to afford Clukey due process remain in dispute after remand, those specifics can only be determined on the basis of a more fully developed record, analyzed pursuant to the Mathews balancing test.

For these reasons, we vacate the district court's dismissal of Clukey's complaint, and remand for further proceedings consistent with this opinion. We likewise vacate the dismissal of Clukey's state law claims, which were dismissed for want of any surviving federal claims. Costs to appellant.

**So ordered.**