# United States Court of Appeals
## For the First Circuit

No. 14-1264

ALAN CLUKEY,

Plaintiff, Appellant,

v.

TOWN OF CAMDEN,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Howard, Chief Judge,
Lipez and Barron, Circuit Judges.

David Glasser for appellant.
Frederick F. Costlow, with whom Heidi J. Hart and Richardson, Whitman, Large & Badger were on brief, for appellee.

August 10, 2015

**LIPEZ, <u>Circuit Judge</u>**. Prior to being laid off, Alan Clukey served as a police dispatcher for the Town of Camden ("the Town") for thirty-one years. The sole issue on appeal, the second one in this case, is whether the collective bargaining agreement governing Clukey's employment contained an unambiguous condition precedent requiring Clukey to submit his address and phone number to the Town after his layoff in order to assert his recall rights.

Because we conclude that the pertinent contract provision is ambiguous, we vacate the district court's grant of summary judgment in favor of the Town and remand for further proceedings.

**I.**

**A. Factual Background**

Alan Clukey was an employee of the Camden police department from 1976 until he was laid off in June 2007, at which time he was the department's most senior dispatcher. The collective bargaining agreement ("the CBA") between the police union and the Town permitted the layoff of dispatchers "for any reason" and provided for recall of qualified employees based on seniority.

The CBA's recall provision, Article 19, Section 3, states, in pertinent part:

> The affected employee has recall rights for twelve (12) months from the date of such layoff. The affected employee shall file in writing his or her mailing address and telephone number, if any, with the Town Manager at his/her office and shall be

-2-

> obligated, as a condition of his/her recall rights for said twelve (12) month period, to continue to inform the Town Manager in writing of any change thereafter.[1]

It is undisputed that Clukey did not "file in writing" his address or phone number with the Town Manager after his layoff, but it is also undisputed that the Town had that information in its employment records. During the twelve-month period after Clukey was laid off on June 30, 2007, vacancies opened in the Camden Police

---

[1] Article 19 is titled "Seniority," and Section 3 addresses layoff and recall.  Section 3's full text is as follows:

> In the event it becomes necessary for the Employer to layoff employees for any reason, employees shall be laid off in the inverse order of their seniority, by classification with bumping rights.  Bumping shall not be allowed between the police function and the dispatcher function.  All affected employees shall receive a two (2) calendar week advance notice of lay-off, and the Employer shall meet with the affected employee prior to the actual occurrence of layoff.  Employees shall be recalled from lay-off according to their seniority provided they are qualified to fill the position.  Police function and dispatcher function shall be treated separately.

> The affected employee has recall rights for twelve (12) months from the date of such layoff.  The affected employee shall file in writing his or her mailing address and telephone number, if any, with the Town Manager at his/her office **and** shall be obligated, **as a condition of his/her recall rights** for said twelve (12) month period, to continue to inform the Town Manager in writing of any change thereafter.  If the Town recalls an employee, they shall notify said employee by certified letter and said employee shall notify the Town in writing within ten (10) days of receipt of said letter if he/she wished to return to work.  Said employee will be required to report to work within ten (10) days of giving notice to the Town of his/her desire to work.

(Emphasis added.)

Department for a parking enforcement officer and an administrative position, both of which Clukey was qualified to fill. However, the Town neither recalled Clukey to employment nor notified him that he was not being selected for the positions.

## B. Procedural Background

### 1. The Lawsuit

In 2012, Clukey and his wife, Dera Clukey, brought this lawsuit under 42 U.S.C. § 1983, alleging that the Town had deprived him, without due process of law, of his property interest in his right to be recalled. The Town moved to dismiss the complaint, arguing that Clukey did not have a constitutionally protected property interest in his asserted recall right. The magistrate judge held that Clukey had a property interest in his right to be recalled, but ultimately ruled that our decision in Ramírez v. Arlequín, 447 F.3d 19 (1st Cir. 2006), compelled the conclusion that Clukey's claim was not cognizable under § 1983. In particular, the magistrate judge's recommendation relied heavily on our conclusion that

> [a] claim of breach of contract by a state actor without any indication or allegation that the state would refuse to remedy the plaintiffs' grievance should they demonstrate a breach of contract under state law, does not state a claim for violation of the plaintiffs' right of procedural due process.

Id. at 25 (citation omitted) (internal quotation marks omitted).

-4-

Finding that Clukey, like the plaintiff in Ramírez, had asserted a breach of contract claim rather than a federal due process claim, the magistrate judge recommended dismissal. The district court adopted the recommendation and dismissed Clukey's complaint for failure to state a claim. Clukey appealed.

**2. The First Appeal**

In Clukey v. Town of Camden, 717 F.3d 52 (1st Cir. 2013) ("Clukey I"), we held that "the plain language" of the seniority provision contained in Article 19, section 3 of the CBA,

> compels a conclusion that Clukey had a property interest in his right to be recalled. The intent of the bargaining parties to grant laid-off employees an entitlement to recall could not be clearer. By its terms, this proviso vests the "recall rights" in the individual "affected employee" and provides the Town no discretion in re-hiring qualified laid-off employees with requisite seniority -- "employees shall be recalled."

Id. at 58 (emphasis in original). We agreed with the district court that "Clukey ha[d] stated facts which, if true, establish that he has a constitutionally protected property interest in his right to be recalled to employment with the police department of the Town of Camden." Id. at 59. We further held that

> [t]he Town's alleged failure to provide Clukey with any notice at all, either before or after filling open positions with new hires, states a claim for a procedural due process violation. That injury cannot be fully redressed by recourse to a state law breach of contract claim or the grievance procedures in the Collective Bargaining Agreement.

-5-

Id. at 62.  We therefore vacated the dismissal of Clukey's action and remanded the case to the district court.[2]

### 3.  Decision on Remand

When proceedings resumed in the district court, both parties moved for summary judgment on the basis of a stipulated factual record.  In its motion, the Town argued that the address and phone number notification required by the recall provision is a condition precedent for an employee's right to be recalled.  The Town asserted that, because Clukey did not file his address and phone number in writing during the twelve-month period after his layoff (i.e., between June 30, 2007, and July 1, 2008), he had no right to be recalled.  Clukey argued in response that the recall provision required only that he file his address and phone number with the Town "at some time in history," which he had done.  He claimed that his recall right was contingent only on his obligation to alert the Town to any change in the information it had on file, and no such change had occurred.  Thus, the Town violated his right to recall by failing to contact him when positions became available.

The magistrate judge recommended judgment for the Town, concluding that the CBA's notification requirement is a condition

---

[2]  Although we directed further consideration of all claims, Clukey subsequently dismissed his state law claims and his wife, Dera, relinquished her loss of consortium claim.  The case thus moved forward with only Clukey's § 1983 due process claim.

-6-

precedent to the right to be recalled. Although the Town already had the specified information for Clukey, the magistrate judge determined that the requirement's purpose was to "indicate the employee's intent to initiate the 12-month recall period" and thereby relieve the Town of the burden to "search out all employees who have been laid off (or 'affected') during the immediately preceding 12 months" regardless of their interest in recall. The district court accepted the recommended decision on the basis of the magistrate judge's reasoning. Clukey timely appealed.

**II.**

**A. The Issue**

This appeal turns on the construction of the CBA recall provision. Specifically, the sole issue before us is whether the recall provision creates the condition precedent argued by the Town, i.e., whether it "defines an event which must occur before a contract becomes effective or before an obligation to perform arises under the contract." Sands v. Ridefilm Corp., 212 F.3d 657, 661-62 (1st Cir. 2000) (internal citation omitted) (applying Massachusetts contract law). If, as the Town asserts and the district court held, the CBA conditions an employee's recall right on the written submission, after layoff, of the employee's mailing address and telephone number, this case would necessarily come to an end. It is undisputed that Clukey did not submit information post-layoff and, if he failed to meet such a condition precedent,

-7-

he would never have acquired a right to recall.  See Id. at 661 (holding that "an otherwise enforceable contract will be defeated by the non-occurrence of a condition precedent"); Irving v. Town of Clinton, 711 A.2d 141, 142 (Me. 1998) ("An elementary rule of contract law is that the nonoccurrence of a condition discharges the parties from their duties under the contract.").[3]

As the issue before us is thus a matter of contract interpretation, our review of the district court's ruling is de novo.  See Grand Wireless, Inc. v. Verizon Wireless, Inc., 748 F.3d 1, 6 (1st Cir. 2014). Both parties accept that the contract should be interpreted according to Maine law.

## B. A Condition Precedent?

Although some courts have required "quite emphatic words . . . to create a condition precedent forfeiting or limiting rights," Midwest Precision Servs., Inc. v. PTM Indus. Corp., 887 F.2d 1128, 1136 (1st Cir. 1989), the parties' intention to impose such a condition is what governs, see, e.g., Loyal Erectors, Inc. v. Hamilton & Son, Inc., 312 A.2d 748, 753 (Me. 1973) (stating that whether a contract provision creates a condition precedent depends upon the intention of the parties, "to be determined by considering not only the words of the particular clause, but also the language of the whole contract as well as the nature of the act required and

---

[3] Clukey argued that, by implication, we decided this condition precedent issue in his favor in Clukey I.  We did not.

the subject matter to which it relates"); Restatement (Second) of Contracts § 226 cmt. (a) ("No particular form of language is necessary to make an event a condition.").

To determine whether the CBA recall provision -- Article 19, Section 3 -- creates a condition precedent, we necessarily must focus closely on its specific language.  We thus reproduce here its pertinent sentence:

> The affected employee shall file in writing his or her mailing address and telephone number, if any, with the Town Manager at his/her office **and** shall be obligated, **as a condition of his/her recall rights** for said twelve (12) month period, to continue to inform the Town Manager in writing of any change thereafter.

(Emphasis added.)  The significant difference between the two independent clauses in this sentence is immediately apparent. Although the second clause expressly conditions the recall right on the submission of updated contact information, the first clause contains no such condition in stating the employee's initial obligation to submit his or her address and phone number in writing.

Thus, as a matter of plain language, the parties to this agreement appear to have made a conscious choice to include the condition precedent language only in the second independent clause. If they had been so inclined, the condition easily could have been placed at the start of the sentence, advising that, "As a condition of his/her recall right," the affected employee shall both submit his/her current address in writing and keep the Town updated about

changes during the twelve-month recall period. That is not, however, what the provision says. We construe contracts so as "to give force and effect to all of its provisions," and we will "avoid an interpretation that renders meaningless any particular provision in the contract." Acadia Ins. Co. v. Buck Const. Co., 756 A.2d 515, 517 (Me. 2000) (internal citation omitted). Some significance may be attached, therefore, to the choice of the contracting parties to link the "as a condition" language only to the affected employee's obligation to keep the Town up to date on any changes to his or her contact information.

Discounting this difference between the two parts of the sentence, the Town maintains that the only reasonable interpretation of the provision is that an employee acquires no right to recall unless he or she submits the required contact information in writing subsequent to layoff. The Town emphasizes that the provision applies only to "affected" employees -- i.e., those who have been laid off -- and the Town posits that the command to submit a mailing address and telephone number thus can be met only by a post-layoff filing. That timing makes sense, the Town argues, because the required filing would serve as notice of the individual's continuing interest in employment with the Town.

Clukey, however, maintains that the differing language in the two clauses reflects an important distinction between the obligations they describe. In his view, the first clause obliges

laid-off employees only to provide the Town with current contact information so as to ensure that they can be recalled when appropriate positions become available.  Because the Town had his address and phone number in his personnel file, Clukey asserts that he was not required to make a pro forma re-submission of that information.  By contrast, the express conditional language prefacing the second clause emphasizes the obligation to keep the Town informed of changes in the employee's whereabouts if the employee wishes to remain subject to recall.  While the second phrase clearly imposes a condition to recall, the first phrase merely announces a need for contact information.  If the Town already has that information, the employee does not forfeit his valuable right to recall because he did not make a redundant filing of that information.

Thus, the parties' dispute over the timing of the filing requirement of the recall provision is really a dispute over the purpose of the requirement.  The Town insists that the provision requires an "affected employee" to submit his or her contact information only after layoff, i.e., when he or she has become "affected," because the filing serves as a notice of interest in recall.  In Clukey's view, the purpose of the filing requirement is informational, and the only question is whether the "affected employee" has submitted the requested information in writing to the Town manager at some point so that the Town can notify the employee

of the recall possibility.  It is undisputed that the Town had the information necessary to notify Clukey of that possibility.

We consider both of these constructions of the language of the CBA to be plausible.  Indeed, Clukey's interpretation benefits from the contrast in language used in setting out the provision's two independent requirements.  As we have explained, ordinary contract principles assign meaning to that difference in language.  Hence, a reasonable person could conclude that the parties to the CBA expressly conditioned one obligation, but not the other, because they believed that emphatic language was unnecessary for the initial filing requirement.  In other words, the absence of "as a condition" language for the first obligation may reflect the view of the signatories to the agreement that employers ordinarily possess current contact information for their employees.

Moreover, because the first clause does not refer to timing at all, its purpose may be reasonably understood as solely information-gathering, and not -- as the Town argues -- to provide notice of the individual's interest in continuing employment.  An exclusive information-gathering purpose is reinforced when the sentence under scrutiny is considered in context.  While that sentence says nothing about notice, the following sentence directs an employee who is recalled to notify the Town within ten days if he/she wishes to accept the position.  See supra n.1.  The

-12-

provision thus contains only one plainly stated notice obligation -- after recall.  Hence, the provision is readily subject to the reading that Clukey proposes: as an "affected employee," his obligation is to be certain he has at some point submitted his current contact information to the Town in writing.

Indeed, while no explicit language is required to create a condition precedent, see Bucksport & B.R. Co. v. Inhabitants of Brewer, 67 Me. 295, 299 (Me. 1877), there are indications that a contractual ambiguity should be reasonably interpreted, where possible, to avoid the forfeiture that would result from finding a condition precedent. See Cantillon v. Walker, 78 A.2d 782, 784 (Me. 1951) ("The difficulty lies in the construction to be placed upon the particular language used by the testatrix. The rule has been well stated . . . as follows: 'Whether there has been a performance or breach of a condition precedent or a condition subsequent depends upon a construction of the condition, and a reasonable construction is to be given to such condition in favor of the beneficiary and against a forfeiture, and such construction is dependent upon the circumstances of each particular case.'" (quoting La Rocque v. Martin, 176 N.E. 734, 735-736 (Ill. 1931))).

Nonetheless, we cannot exclude as a matter of law the notification purpose that the Town attributes to the filing requirement.  Although the first clause lacks the emphatic "as a condition" wording, it does use language -- "shall file in writing"

-13-

-- that we ordinarily would view as signaling an inflexible obligation to perform.  See Black's Law Dictionary 1499 (9th ed. 2009) (noting that the meaning of "shall" -- "[h]as a duty to" or "is required to" -- is "the mandatory sense that drafters typically intend and that courts typically uphold"); see also Webster's Third New International Dictionary 2085 (3d ed. 1993) (noting that "shall" as "used in directives . . . express[es] what is mandatory"); Claudio-De León v. Sistema Universitario Ana G. Méndez, 775 F.3d 41, 46-47 (1st Cir. 2014) (noting that "it is axiomatic that the word 'shall' has a mandatory connotation"). That obligation is imposed on "[t]he affected employee." Thus, even absent language expressly articulating a condition precedent, the first clause reasonably may be read to require a formal, post-layoff submission -- or re-submission -- of current contact information to provide notice to the Town of the employee's desire to be recalled.[4]

---

[4] The magistrate judge and the district court assumed that the obligation to provide contact information had to be motivated by a notice purpose -- without addressing the possibility that it might serve a more pragmatic information-gathering purpose that would have been satisfied by Clukey providing contact information at an earlier time.  The magistrate judge observed that "[i]t is reasonable to assume that the town would have a record of the address and telephone number of any town employee subject to the Agreement, obtained at the time of his or her initial hiring by the town."  The magistrate judge thus concluded that "the only reasons for the presence of the notification requirement . . . are to indicate the employee's intent to initiate the 12-month recall period and to inform the town of the employee's current address and telephone number, which may well differ from the ones in effect at the time the employee was hired."  The district court made a

Our discussion thus demonstrates that the purpose of the recall provision's initial filing requirement is not apparent from its plain language and, hence, as a matter of language, the timing of that obligation is left ambiguous. We have also demonstrated that reasonable rationales support the competing purpose arguments of the parties. See Coastal Ventures v. Alsham Plaza, LLC, 1 A.3d 416, 424 (Me. 2010) ("[A] contractual provision is considered ambiguous if it is reasonably possible to give that provision at least two different meanings." (internal quotation marks omitted) (alteration in original)). Although the question whether a contract term is ambiguous is one of law, id., discerning the meaning of an ambiguous contractual provision is a task assigned to a factfinder, Schindler v. Nilsen, 770 A.2d 638, 643 (Me. 2001). In performing that task, the factfinder may consider extrinsic evidence "casting light upon the intention of the parties with respect to the meaning of the unclear language." Hilltop Cmty. Sports Ctr., Inc. v. Hoffman, 755 A.2d 1058, 1063 (Me. 2000) (internal quotation marks omitted); see also Skowhegan Water Co. v. Skowhegan Vill. Corp., 66 A. 714, 718 (Me. 1906) (stating that the existence of a condition precedent under Maine law is "purely a question of intent").

similar observation: "This filing requirement provides clarity and certainty to both the affected employee and the Town regarding who and how to recall an employee should recall become an available option."

-15-

Fact-finding is thus necessary in this case.[5] If the factfinder concludes that the purpose of the filing requirement of the recall provision is to notify the Town of a laid-off employee's desire to be recalled, and that the failure to submit such a filing after layoff forfeits the right of recall, Clukey loses his lawsuit. He has stipulated that he did not make such a filing post-layoff. If, however, the factfinder concludes that the address and phone number requirement was intended only to ensure that the Town had the correct contact information on file -- a conclusion at odds with the condition precedent/notification argument of the Town -- it would follow that, even if Clukey failed to formally comply with the filing requirement, he would not forfeit his recall rights. Any other conclusion would elevate the "shall file in writing" requirement of the first independent clause to the status of a condition precedent, denying Clukey his right to recall, despite the factfinder's conclusion that the informational purpose of the provision was satisfied by the address and phone number of Clukey contained in the Town's personnel file.

---

[5] We cannot resolve the ambiguity on the basis of the jointly stipulated record because none of the agreed-upon facts shed light on the intention of the union or the Town in agreeing upon the provision's language at the time they entered into the CBA. In addition, although it is undisputed that Clukey did not file the information post-layoff, the stipulated record contains no information about how or when the Town received Clukey's correct telephone number and address.

-16-

With reluctance, therefore, we must again remand this case to the district court for further proceedings, including the consideration of any extrinsic evidence that might be useful and appropriate in determining the intent behind the filing requirement of the recall language of Article 19, Section 3. We offer no view of the Town's obligations to Clukey under the CBA if the factfinder concludes that post-layoff submission of an employee's contact information is not a condition precedent to his right to recall. Because the district court, adopting the recommendation of the magistrate judge, held that Clukey forfeited his right to recall by failing to file his address and phone number after his layoff, it did not address Clukey's procedural due process claim or an issue raised on remand concerning his seniority status under the CBA.[6] See Clukey I, 717 F.3d at 60 (noting that the district court might want to engage in the analysis prescribed by Mathews v. Eldridge, 424 U.S. 319, 335 (1976), to determine what process Clukey was due "if doing so becomes necessary to resolve the case"); Clukey v. Town of Camden, No. 2:11-cv-372-GZS, 2014 WL 457658, at *1, *3 (D.

---

[6] Upon remand after Clukey I, the parties raised two issues in the district court: the condition precedent question addressed above and "whether the seniority provisions of Sections 1, 2, and 3 of Article 19 are unambiguous and whether they did or did not limit Clukey's seniority preference during the recall period to positions involving dispatcher functions." This second issue, understandably, was not addressed by the district court given its ruling on the first.

Me. Feb. 4, 2014)(describing the condition precedent and seniority issues).

These outstanding issues reflect the piecemeal approach to this litigation pursued by the parties. There is the potential for more appeals in a case where we have already had two. This is a regrettable situation that drains the resources of everyone involved. We urge the parties to seriously consider settlement on remand.

Vacated and remanded for further proceedings consistent with this opinion. Costs to appellant.